## Stivers & Page *vs* Prentice & Weissinger. Pet. & Sum. X

ERROR TO THE JEFFERSON CIRCUIT.

*Parties.   Service of process.   Bill of Exchange.   Notice.*   Case 122.

JUDGE MARSHALL delivered the opinion of the Court.     May 19.

THIS petition was brought by Prentice & Weissinger, The case stated. as the holders, against Stivers, as the drawer, and Page, as the indorser of a bill of exchange, drawn by Stivers at Louisville, upon Samuel A. Smith, merchant, Nashville.   The summons on the petition was returned, executed as to Page, but as to Stivers, "not found," and no further process seems to have issued against him.   The record states that at a Court, &c. on the 8th of Jan. 1840, "came the defendant" and "filed his separate demurrer," &c. "*which plea*, referred to in the foregoing order, is as follows, to-wit: Prentice & Weissinger *vs* Stivers & Page. The defendant comes," &c.—then follows the plea of *nil debit*, in the singular number, on which issue was joined. The next entry is, that at the December term, 1840, came the plaintiffs, and on their motion, leave is given to retake a deposition, on giving to the *defendants* due notice, &c.   At the November term, 1841, "came the parties by their attorneys," "and the *defendant* filed *his* exceptions to the deposition," &c. And on a subsequent day of the same term, "came the parties by their attorneys, and the Court being *not* sufficiently advised of and concerning the defendants exceptions, &c. overruled the same," and to try the issue, came a jury, &c. who found a verdict for the plaintiffs, on which a judgment was rendered against the *defendants*.   Immediately after which, "the *defendant* tendered to the Court his bills of exceptions;" and at a subsequent day, "came the *defendant*, by his attorney, and prayed an appeal," &c. "which is granted *him* upon *his* executing bond," &c.

The bill of exceptions, No. 1, states that on the trial, the defendant, Page, moved to exclude the evidence as incompetent under the issue, &c. and the defendant,

Stivers, moved to exclude it as not competent, &c. as to him. Bill of exceptions, No. 4, states, that on the calling of the cause, the *defendants*, Page and Stivers, filed exceptions to the deposition, &c.—and the bills of exceptions, Nos. 2 and 3, state that the *defendants* moved for the instructions therein stated.

Stivers and Page prosecute a joint writ of error to reverse the judgment against them.

When there is no service of process on one of several defendants, and nothing showing his appearance but the statement in the bill of exceptions, the judgment is erroneous and will be reversed.

It is apparent from the detailed statement which has been made of the contents of the record, that there is nothing, exclusive of the bills of exceptions, in any manner indicating the appearance of Stivers, or his liability as a party in the suit, to have a judgment rendered for or against him. Exclusive of the bills of exceptions then, the record would be wholly insufficient to sustain the judgment, because if it be a judgment, as it seems to be, against two, there was no service of process nor appearance, nor judgment by default as to one; and if it be a judgment against Page alone, there was no disposition of the cause as to the other.

The question then arises, whether the statements contained in the bills of exceptions, importing that Stivers actually attended and participated in the trial as a defendant, is sufficient to supply the defect or omission in the record proper, and to make him a party, so far as to authorize a judgment for or against him? This question, we think, must be answered in the negative. The office of the bill of exceptions is not to make parties, nor to show who are parties; but to embody and preserve in permanent form, the occurrences at the trial, or other incidental matters, which would not otherwise appear in the record, in order that the party excepting may have the revisory judgment of an appellate tribunal as to all matters which may affect either the merits of the case or the regularity of the proceeding. There may or may not be a bill of exceptions, at the pleasure of one or the other party. There must in all cases be enough upon the record to sustain the judgment. Certain omissions in the pleadings or statements of fact, may be aided by verdict, and perhaps by the bill of exceptions, which shows the evidence on which the verdict is founded. But as to parties,

the verdict itself could not supply a defect in the record of the proceedings, and therefore a bill of exceptions, going merely in explanation of the verdict, could not supply it.

STIVERS & PAGE
*vs*
PRENTICE &
WEISSINGER.

As Stivers did not plead he was not a party to the issue, there was, as to him, no issue, and therefore no verdict on which to found a judgment; as he was not served with process, and neither pleaded nor in any manner entered his appearance once on the record, there was no foundation for a judgment against him *de hors* the verdict. His mere personal attendance at the trial, and taking part in the examination of witnesses, or in moving for instructions, did not make him a party to the record any more than his presence and examination as a witness, or as a looker on, would have done. And the bill of exceptions can not make or prove him to be a party, subject to or entitled to a judgment in the former case more than in the latter. Any other conclusion would lead to the utmost confusion and uncertainty in regard to the effect and operation of judicial proceedings.

When one is not served with process and does not appear and thereby waive its service, or plead he is no party, and to give judgment against such an one is erroneous.

We are satisfied, therefore, that the judgment should be reversed, on account of the irregularities in the proceedings—with regard to which we cannot omit to remark, that whether the transcript before us contain a true or a false copy of the record of the proceedings in Court, it evinces a negligence or unskilfulness on the part of the Clerk, for which it would be difficult to find an apology.

The exceptions to the deposition of Hagan, the Notary Public, whether Stivers united in them or not, were properly overruled—for as to Page, the notice and authentication, were sufficient, and as to Stivers, as there was no issue there was nothing to be proved by the Notary.

And with regard to the instructions, said to have been moved for by the defendants, they were properly overruled, because the presentment of the bill at the dwelling house of the acceptor, in the absence of any proof of a special usage to the contrary, and he not being a banker, was sufficient, and especially as there was one there who answered for him, that no provision had been made for payment, and for the same reasons, the presentment at

The presentment of a bill of exchange at the dwelling house of the acceptor, without any proof of special usage to the contrary, he not being a banker, at the hour of 3 o'clock of the day of payment, was suffi-

*cient, and notice addressed to all the parties at the proper post office by the first mail, was sufficient.*

about three o'clock of the day of payment, was sufficient; and the transmission of notice of protest, by the Notary, addressed to all of the parties at their proper residence, by the first mail, was sufficient to make each liable to the holder, for whose benefit the notice was given. It was not necessary to inform them who was the holder at the time.

Wherefore, the judgment is reversed and the cause remanded for further proceedings.