*Pirtle* for plaintiff.    *Guthrie* for defendant.

## Page & Stivers *vs* Prentice & Weisinger,

ERROR TO THE JEFFERSON CIRCUIT.

*Bills of Exchange. Notice.*

JUDGE MARSHALL delivered the opinion of the Court.

DEBT.

*Case 3.*

*Sept.* 4.

Case stated.

THE defect in the preparation of this suit for which
the judgment was formerly reversed, (3 *B. Mon.* 461,)
having been supplied, a verdict and judgment were
again rendered in favor of the plaintiffs; and the only
question now presented by the record which was not de-
cided when the case was formerly here, grows out of the
fact, that there is no express evidence that Page, the
payee of the bill, resided at Louisville, to which place
the notice of protest and non-payment was directed to
him by the Notary at Nashville, where the bill was pre-
sented to the acceptor for payment. The facts that the
bill was dated at Louisville, and that process in this suit
was served upon Page in Jefferson county, in which
Louisville is situated, are relied on as being sufficient in
the absence of all other evidence, to authorize the con-
clusion that the notice was properly directed; and thus
to make out due diligence in that respect, and to justify
the opinion of the Court in overruling the motion for a
non-suit, and deciding that the evidence was sufficient to
authorize a recovery.

The case of *Dickens* vs *Beal,* (10 *Peters,* 574,) is un-
derstood as establishing the position that if upon due
enquiry the Notary is unable to ascertain the residence
of the drawer or endorser, he may direct the notice to
the place at which the bill is dated; and that this will be
sufficient, though the party to be notified resides at

The place where a bill of exchange is da-
ted, is *prima facie* evidence that such place is the residence of the drawer or payee, and in the

absence of proof
to the contrary,
notice directed
to him at that
place is suffici-
ent to chaige
him.

another place. From which it is to be implied that the date of the bill furnishes some evidence of the residence of the payee; and as the service of process in Jefferson county undoubtedly furnishes some evidence of the party's residence in that county, and as moreover it must always be easy for the party to rebut the inference from these facts if it be not true. We think these facts should be deemed sufficient in the absence of all opposing evidence to authorize the conclusion that the notice was properly directed to Page at Louisville.

Wherefore the judgment is affirmed.

*Guthrie* for plaintiffs.   *Duncan* for defendants.